FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 1 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

EUGENE BLYTHER, and, JAMILA BLYTHER,

                              Plaintiffs,    **COMPLAINT**

                -against-                    CV 11 - 0829

THE CITY OF NEW YORK; P.O. GOLDEN; P.O.
SUPERVISOR ROGER ROE #1; P.O. JOHN AND JANE    ECF Case
DOES #1-10, the individual defendant(s) sued
individually and in their official             Jury Trial Demanded
capacities,

                              Defendants.    GLEESON, J.

---------------------------------------- X   MANN. M.J.


### PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seek

relief for the violation of plaintiffs' rights secured by 42 U.S.C. §§

1983 and 1985(3); the First, Fourth, Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution; and the laws of the

State of New York.  The claims arise from an incident that occurred on

or about November 19, 2009.  During the incident the City of New York,

and members of the New York City Police Department ("NYPD") subjected

plaintiffs to, among other things, false arrest, excessive force,

unlawful search and seizure, retaliation for free speech, conspiracy,

negligence, gross negligence, intentional and negligent infliction of

emotional distress and implementation and continuation of an unlawful

municipal policy, practice, and custom.  Plaintiffs seek compensatory

and punitive damages, declaratory relief, an award of costs and

attorney's fees, pursuant to 42 U.S.C. §§ 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law (malicious prosecution, negligence, gross negligence, and intentional and negligent infliction of emotional distress).  Notices of Claim were duly filed on defendant City of New York within 90 days of the incidents at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiffs' claims.  Moreover, this action has been filed within one year and 90 days of some of the incidents that are the basis of this claim.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Eugene Blyther is a resident of the State of New York, Kings County.

2

6.    Plaintiff Jamila Blyther is a resident of the State of New York, Kings County.

7.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiffs' rights as described herein.

8.    Defendant P.O. Golden is a New York City Police Officer, employed with the Brooklyn South Narcotics Bureau located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as descried herein.

9.    Defendant Supervisor P.O. Roger Roe is a New York City Police Officer, employed with the Brooklyn South Narcotics Bureau located in Brooklyn, New York, or other as yet unknown NYPD assignment who violated plaintiffs' rights as described herein.

10.    Defendants P.O. John and Jane Does #1-10 are unknown New York City Police Officers, employed with the Brooklyn South Narcotics Bureau located in New York, New York, or other as yet unknown NYPD assignments who violated plaintiffs' rights as described herein.

11.    The individual defendants were acting under color of state law and in their capacities as New York City Police Officers at all relevant times herein.  The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.    On November 19, 2009, at and in the vicinity of 5901 Glenwood Road, Apartment 4A, Brooklyn, New York ("the apartment"), the 69th Precinct, located in Brooklyn, New York and Brooklyn Central

3

Booking, several police officers operating from the Brooklyn South Narcotics Bureau, including upon information and belief, defendants P.O. Golden, P.O. Supervisor Roger Roe #1, P.O. John and Jane Does #1-10, and other as yet unknown police officers ("the individual defendants" or "defendants"), at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

13.     On November 19, 2009, at approximately 6:45 a.m., at and in the vicinity of 5901 Glenwood Road, Apt. 4A, Brooklyn, New York, the individual defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime, unlawfully entered the apartment by breaking through the door to the apartment and drew their firearms at plaintiffs.

14.     The defendants purported to have a search warrant for the apartment, however no such search warrant was provided to plaintiffs even though several requests were made.

15.     Once the defendant officers entered the apartment, plaintiffs were not free to disregard their questions, or walk way or leave the scene.

16.     While inside the apartment, defendants, without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime falsely arrested plaintiffs.

17.     Upon information and belief, plaintiffs were not the subjects of any lawful search warrant.

4

18. The defendants then searched the entire apartment. As a result of this search, no contraband or illegal narcotics were seized.

19. During the arrest of plaintiffs, defendants committed excessive force against Eugene Blyther, by maliciously, gratuitously, and unnecessarily pointing a firearm at him, grabbing him, striking him with a shield, and placing excessively tight handcuffs on his wrists. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. The individual defendants did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

21. Plaintiff was physically injured as a result of the excessive use of force, and suffered numbness and marks to his wrists and body.

22. Plaintiff asked the individual defendants to loosen the cuffs, but they did not.

23. Plaintiff Eugene Blyther was transferred to the 69th Precinct, located in Brooklyn, New York for arrest processing.

24. Thereafter, plaintiff Eugene Blyther was transferred to Brooklyn Central Booking where he was subjected to depraved, filthy, and inhumane conditions of confinement.

25. The guards and personnel assigned to Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

5

26.    While plaintiff Eugene Blyther was incarcerated at the 69th Precinct and Central Booking awaiting arraignment, defendants, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes; based upon the false statements of defendants, the Kings County District Attorney's Office chose not to prosecute plaintiff and he was released after approximately 24 hours in custody.

27.    Defendant Supervisor P.O. Roger Roe supervised the other defendant police officers concerning the above-mentioned unlawful acts against plaintiffs, and approved the unlawful acts against plaintiffs.

28.    The aforesaid events are not an isolated incident. Defendant City of New York is aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to investigate, use force, and search arrestees or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location.

29.    Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, City of New York has failed to take corrective action.  This failure caused the defendants in the present case to injure plaintiffs, violate the law, and violate the plaintiffs' rights.

30.    Moreover, defendant City of New York was aware prior to the incident that the individual defendants lacked the objectivity,

6

temperament, maturity, discretion, and disposition to be employed as officers.  Despite such notice, defendant has retained these individuals, and failed to adequately train and supervise them.

31.   At all times defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers.

32.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

33.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees caused, permitted and allowed the individual defendants to act in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

34.   At all times, defendant City of New York, by the NYPD, and its agents, servants and/or employees carelessly, negligently and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, negligent and/or deliberate manner in carrying out their official duties and/or responsibilities.

35.   The occurrence(s) and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the defendant City of New York and its agents, servants and/or employees, as set forth

7

above, without provocation on the part of the plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual defendants.

36.   The individual defendants acted in concert committing the above-described illegal acts toward plaintiffs.

37.   Plaintiffs did not resist arrest at any time during the above incidents.

38.   Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incidents.

39.   The individual defendants did not observe plaintiffs violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

40.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

41.   Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their

powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

42.    As a direct and proximate result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

43.    The plaintiffs are also entitled to receive punitive damages from the individual defendants because their actions were motivated by extreme recklessness and indifference to the plaintiffs' rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW / UNLAWFUL SEARCH AND SEIZURE)

44.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

45.    Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion to believe that plaintiffs (or any third person) had committed a crime.

46.    Accordingly, defendants are liable to plaintiffs for false arrest and unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST & UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

47.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

9

48.   Defendants falsely arrested plaintiffs without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that plaintiffs (or any third person) had committed a crime.

49.   Accordingly, defendants are liable to plaintiffs for false arrest and unlawful search and seizure under New York State law.

### THIRD CLAIM

### (EXCESSIVE FORCE UNDER FEDERAL LAW)

50.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

51.   The individuals use of force upon plaintiff, as described herein, and the individual defendants' failure to intervene, was objectively unreasonable and caused plaintiff pain and injury.

52.   Accordingly, defendants are liable to plaintiff for using unreasonable and excessive force pursuant to 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### FOURTH CLAIM

### (ASSAULT UNDER STATE LAW)

53.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

54.   Among other things as described above, defendants' search and seizure, and use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

55.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

10

## FIFTH CLAIM

### (BATTERY UNDER STATE LAW)

56.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

57.   Among other things as described above, defendants' search and seizure, and use of force against plaintiff was an illegal physical contact.

58.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (VIOLATING PLAINTIFFS' RIGHT TO FREE SPEECH UNDER FEDERAL LAW)

59.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

60.   Plaintiffs exercised free speech during the incident by, among other things, peacefully telling the individual defendants that they had not committed a crime, and that the officers were mistreating plaintiffs.

61.   Plaintiffs' use of free speech was a motivating factor in defendants' decision to arrest, use force upon, and prosecute them. Accordingly, defendants are liable to plaintiffs under the First Amendment to the United States Constitution for violating plaintiffs' right to free speech.

## SEVENTH CLAIM

### (FAILURE TO SUPERVISE)

62.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

11

63.    The supervisor defendants are liable to plaintiffs because they supervised subordinate individual defendants concerning above-mentioned unlawful acts against plaintiffs, and approved their unlawful acts.

## EIGHTH CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

64.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

65.    Defendants are liable to plaintiffs because they agreed to act in concert to inflict an unconstitutional injury; and committed an overt act done in furtherance of that goal causing damage to plaintiffs.

## NINTH CLAIM

### (42 U.S.C. § 1985 CONSPIRACY)

66.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

67.    The individual defendants arrested plaintiffs in continuation of defendant City of New York's custom, practice and/or policy of stopping and/or arresting individuals based on pretexts in order to meet productivity goals in minority and low-income neighborhoods.

68.    Defendants are liable to plaintiffs because they conspired against plaintiffs based on racial or other invidiously discriminatory animus for the purpose of depriving plaintiffs of equal protection of the privileges and immunities under the law, and

12

committed an act in furtherance of the conspiracy, which injured plaintiffs.

## TENTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, MONITORING TRAINING AND RETENTION OF UNFIT EMPLOYEES UNDER STATE LAW)

69.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

70.    Defendant City of New York is liable to plaintiffs because the occurrence and injuries sustained by plaintiffs, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the NYPD, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiffs contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained its police officers.

## ELEVENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW)

71.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

72.    That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiffs.

13

73.    The defendants' actions against plaintiffs were extreme and outrageous and caused plaintiffs severe emotional distress.

74.    The defendants breached a duty owed to the plaintiffs that either unreasonably endangered plaintiffs' physical safety, or caused the plaintiffs to fear for their own safety.

### TWELFTH CLAIM

### (NEGLIGENCE, GROSS NEGLIGENCE UNDER STATE LAW)

75.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

76.    Defendants are liable to plaintiffs because defendants owed plaintiffs a cognizable duty of care as a matter of law, and breached that duty.

### THIRTEENTH CLAIM

### (STATE LAW RESPONDEAT SUPERIOR CLAIM AGAINST CITY OF NEW YORK)

77.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

78.    The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiffs, including falsely arresting, assaulting, and battering plaintiffs.

79.    The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

14

## FOURTEENTH CLAIM

### (FEDERAL MONELL CLAIM AGAINST THE CITY OF NEW YORK)

80.   Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

81.   The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

82.   Upon information and belief, the City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

83.   Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

84.   In addition, the following are City policies, practices and customs:

> (a)   arresting innocent individuals found at crime scenes, based on a pretext, in order to meet productivity goals;
>
> (b)   fabricating evidence against individuals;
>
> (c)   using excessive force on individuals; and
>
> (d)   retaliating against individuals who engage in free speech.

15

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

    (a)   Compensatory damages in an amount to be determined by a jury;

    (b)   Punitive damages from the individual defendants in an amount to be determined by a jury;

    (c)   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

    (d)   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      New York, New York
              February 18, 2011

                              MICHAEL O. HUESTON, ESQ.
                              MICHAEL P. KUSHNER, ESQ.
                              *Attorneys for Plaintiff*
                              350 Fifth Avenue, Suite 4810
                              New York, New York 10118
                              (212) 643-2900
                              (212) 202-2634
                              *mhueston@nyc.rr.com*
                              *kushner.michael@gmail.com*

                              By:   /s/

                              MICHAEL P. KUSHNER